UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

3:46 pm, Mar 30, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

—————————————————————— x

ROGER EMERSON, MARY EMERSON,
ROBERT CAPLIN and MARTHA J.
GOODLETT, Individually and on Behalf of
All Others Similarly Situated,

Civil Action No. 17-cv-02565-ADS-GRB

                    Plaintiffs,

        vs.

MUTUAL FUND SERIES TRUST,
CATALYST CAPITAL ADVISORS LLC,
NORTHERN LIGHTS DISTRIBUTORS LLC,
JERRY SZILAGYI, TOBIAS CALDWELL,
TIBERIU WEISZ, BERT PARISER, and
ERIK NAVILOFF,

                    Defendants.

—————————————————————— x

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING
DATE FOR HEARING ON FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u>**

WHEREAS, on March 5, 2020 Lead Plaintiffs Eugene Almendinger, Jeffrey Berkowitz,

Debra Folk, Earle Folk, Maryann Lovelidge, and Tom Lovelidge (collectively, "Lead

Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class

(defined below), on the one hand, and defendants Mutual Fund Series Trust (the "Trust"),

Catalyst Capital Advisors, LLC ("Catalyst"), Northern Lights Distributors LLC ("NLD"), Jerry

Szilagyi, Tobias Caldwell, Tiberiu Weisz, Bert Pariser, and Erik Naviloff (each a "Defendant"

and collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of

Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to

review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the

exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and

the claims alleged in the Amended Complaint for Violations of the Securities Act of 1933, filed

on March 30, 2018, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the

accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein

have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this __30th__ day of __March__, 2020,

that:

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Fed.

R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair,

reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further

consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the

Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class

of:  all persons and entities that purchased or otherwise acquired Class A, Class C, and/or Class I

shares of the Catalyst Hedged Futures Strategy Fund (the "Fund") during the period from

November 1, 2014 through June 30, 2017, inclusive (the "Class Period"), and were allegedly

damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and their affiliates;

(ii) the officers, directors, and/or trustees of the Trust, Catalyst, NLD, or the Fund during the

Class Period; (iii) members of the immediate families of any such excluded person; (iv) any firm,

trust, corporation, or entity in which any Defendant has a controlling interest; and (v) the legal

4823-3791-3781.v2

representatives, heirs, successors, and assigns of any excluded person or entity.  Also excluded from the Settlement Class will be any Person who would otherwise be a member of the Settlement Class that timely and validly submits a request for exclusion in accordance with the requirements set forth below and in the Notice.

3.    The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)    there are questions of law and fact common to the Settlement Class Members;

(c)    the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(d)    Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant

interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Eugene Almendinger, Jeffrey Berkowitz, Debra Folk, Earle Folk, Maryann Lovelidge, and Tom Lovelidge are preliminarily certified as Class Representatives for the Settlement Class.  The law firms of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP are preliminarily appointed Class Counsel for the Settlement Class.

5.      A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, at the United States District Court, Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York 11722, in Courtroom 1020, on __September 3__, 2020, at _9:00_ .m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment Approving Settlement ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)      to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; whether the law firms of Robbins Geller Rudman &

4

Dowd LLP and Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Co-Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and expenses.  The Court may also adjourn or continue the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7.     The Court approves the form, substance and requirements of the Postcard Notice, the Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits A-1, A-2, A-3, and A-4.

8.     The Court approves the retention of A.B. Data, Ltd. ("A.B. Data") as the Claims Administrator.  The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto as Exhibit A-4, to be mailed, by first-class mail, postage prepaid, on or

before fourteen (14) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.

9.    The Trust, to the extent it has not already done so, shall use its best efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, transfer records in electronic searchable form containing the names and addresses of purchasers of shares of the Fund during the Class Period no later than ten (10) business days after entry of this Preliminary Approval Order.

10.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired shares of the Fund during the Class Period as record owners but not as beneficial owners.

(a)    Such nominees SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners; or (ii) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notices, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notices promptly to such identified beneficial owners.

(b)    Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.

(c)    Nominees who elect to send the Postcard Notices to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the

mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

(d) Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in connection with complying with the above requirements by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. The Claims Administrator shall, if requested, reimburse nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses (not to exceed $0.10 per name and mailing address or $0.20, plus postage at the then current pre-sort rate used by the Claims Administrator, per Postcard Notice) incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notices, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

11. Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Proof of Claim.

12. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Co-Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and be transmitted twice over *PR Newswire* within twenty-one (21) calendar days of the Notice

7

4823-3791-3781.v2

Date.  Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

13.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the address indicated in the Proof of Claim, no later than one hundred and twenty (120) calendar days after the Notice Date.  Such deadline may be further extended by Court order or by Co-Lead Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Proof of Claim.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by

8

the Court, but shall remain bound by all determinations and judgments in this Action

concerning the Settlement, as provided by ¶16 of this order.

(b)     The Proof of Claim submitted by each claimant must satisfy the

following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be

properly completed, signed and submitted in a timely manner in accordance with the provisions

of the preceding subparagraph; (ii) it must be accompanied by adequate supporting

documentation for the transactions reported therein, in the form of broker confirmation slips,

broker account statements, an authorized statement from the broker containing the transactional

information found in a broker confirmation slip, or such other documentation as is deemed

adequate by the Claims Administrator and/or Co-Lead Counsel; (iii) if the person executing the

Proof of Claim is acting in a representative capacity, a certification of his or her current

authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the

Proof of Claim must be complete and contain no material deletions or modifications of any of

the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the

jurisdiction of the Court with respect to the claim submitted.

15.     Any Settlement Class Member may enter an appearance in this Action, at his, her

or its own expense, individually or through counsel of his, her or its own choice.  If any

Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-

Lead Counsel.

16.     Settlement Class Members shall be bound by all orders, determinations and

judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless

such Persons request exclusion from the Settlement Class in a timely and proper manner, as

hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Emerson, et al. v. Mutual Fund Series Trust, et al.*, No. 2:17-cv-02565 (E.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and sales of shares of the Fund during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

18.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; Evan J. Kaufman, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747; and Defendants' Counsel Representative: James F. Moyle, Lazare Potter Giacovas & Moyle LLP, 747 Third

Avenue, Floor 16, New York, NY 10017, and has filed said objections and supporting papers

with the Clerk of the Court, United States District Court for the Eastern District of New York,

100 Federal Plaza, Central Islip, New York 11722.  Any Settlement Class Member who does not

make his, her, or its objection in the manner provided for in the Notice shall be deemed to have

waived such objection and shall forever be foreclosed from making any objection to any aspect

of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses,

unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be

entered and the releases to be given.  Attendance at the hearing is not necessary.  However,

persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of

Allocation, and/or the application for an award of attorneys' fees and expenses are required to

indicate in their written objection their intention to appear at the hearing.  Persons who intend to

object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys'

fees and expenses and desire to present evidence at the Settlement Hearing must include in their

written objections the identity of any witnesses they may call to testify and exhibits they intend

to introduce into evidence at the Settlement Hearing.

19.     Settlement Class Members do not need to appear at the hearing or take any other

action to indicate their approval.

20.     Pending final determination of whether the Settlement should be approved, Lead

Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to

act on their behalf, shall not institute, commence or prosecute any action which asserts Released

Claims against the Released Defendant Parties.

21.     All papers in support of the Settlement, Plan of Allocation, and Co-Lead

Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and

served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Settlement Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Co-Lead Counsel or Lead Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 26, 2019.

DATED this 30  day of  March , 2020

/s/ Arthur D. Spatt

_____
HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

EXHIBIT A-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

ROGER EMERSON, MARY EMERSON,                   :
ROBERT CAPLIN and MARTHA J.                    :
GOODLETT, Individually and on Behalf of        :     Civil Action No. 17-cv-02565-ADS-GRB
All Others Similarly Situated,                 :
                                               :
                        Plaintiffs,            :
                                               :
            vs.                                :
                                               :
MUTUAL FUND SERIES TRUST,                       :
CATALYST CAPITAL ADVISORS LLC,                 :
NORTHERN LIGHTS DISTRIBUTORS LLC,              :
JERRY SZILAGYI, TOBIAS CALDWELL,               :
TIBERIU WEISZ, BERT PARISER, and               :
ERIK NAVILOFF,                                 :
                                               :
                        Defendants.            :
                                               :
———————————————————— x

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or otherwise acquired Class A, Class C, and/or Class I shares of the Catalyst Hedged Futures Strategy Fund (the "Fund") during the period from November 1, 2014 through June 30, 2017, inclusive, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action with Defendants (the "Settlement"),[1] and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the Settlement Class should be certified; (iii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iv) Co-Lead Counsel's application for an award of attorneys' fees and expenses.  This Notice describes important rights you may have if you are a member of the Settlement Class and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated _____, 2020 (the "Stipulation"), which can be viewed at www._____.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

4819-0616-2613.v2

- If approved by the Court, the Settlement will create a $3,325,000 cash fund, plus any earned interest, for the benefit of eligible Settlement Class Members, less the deduction of attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs Eugene Almendinger, Jeffrey Berkowitz, Debra Folk, Earle Folk, Maryann Lovelidge, and Tom Lovelidge (collectively, "Lead Plaintiffs") that have been asserted on behalf of the Settlement Class (defined below) against Mutual Fund Series Trust (the "Trust"), Catalyst Capital Advisors, LLC ("Catalyst"), Northern Lights Distributors LLC ("NLD"), Jerry Szilagyi ("Szilagyi"), Tobias Caldwell ("Caldwell"), Tiberiu Weisz ("Weisz"), Bert Pariser ("Pariser"), and Erik Naviloff ("Naviloff") (each a "Defendant" and collectively, "Defendants").  It avoids the costs and risks of continuing the litigation against Defendants; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2020** | The <u>only</u> way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2020** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims. *See* Question 11 below for details. |
| **OBJECT BY _____, 2020** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the Fee and Expense Application.  If you object, you will still be a member of the Settlement Class. *See* Question 16 below for details. |
| **GO TO A HEARING ON _____, 2020 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2020** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 20 below for details. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and any appeals are resolved.  Please be patient.

EXHIBIT A-1

## SUMMARY OF THE NOTICE

<u>Statement of the Settlement Class's Recovery</u>

1.      Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the claims against Defendants in exchange for a payment of $3,325,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Co-Lead Counsel's estimate of the number of shares of the Fund eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.009 per allegedly damaged share.[2]  If the Court approves Co-Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.006 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased or acquired shares of the Fund during the Class Period; and (iv) whether and when the Settlement Class Member sold shares.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

4819-0616-2613.v2

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiffs ultimately were to prevail on each claim alleged.  The issues on which the Parties disagree include, for example: (i) whether any statements of false or misleading material facts or material omissions were made; (ii) the extent to which factors such as general market, economic, and industry conditions influenced the trading prices of the Fund's shares; and (iii) whether class members suffered any damages.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.  While Lead Plaintiffs believe that they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Co-Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund, on behalf of all Plaintiffs' Counsel, in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest.  Co-Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $170,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an award to Lead Plaintiffs directly related to their litigation efforts on behalf of the Settlement Class.  If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be

approximately $0.003 per allegedly damaged share.   A copy of the Fee and Expense Application will be posted on www._____.com after it has been filed with the Court.

**Reasons for the Settlement**

5.     For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to overcome the Court's dismissal of the Complaint in response to Defendants' motion to dismiss; the uncertainty of being able to prove the allegations against Defendants asserted in the Complaint; maintaining certification of the class through trial; the uncertainty of a greater recovery after a trial and in post-trial appeals; the risks of litigation, especially in complex actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

6.     For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.     Lead Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, settlementquestions@labaton.com; and Evan J. Kaufman, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747 (800) 449-4900.

8.     Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: c/o _____, (_____) ____-____, www.____.com; or Co-Lead Counsel.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

## BASIC INFORMATION

| **1.  Why did I get this Notice?** |
| --- |

9.      You or someone in your family may have purchased or otherwise acquired Class A, Class C, and/or Class I shares of the Fund during the period from November 1, 2014 through June 30, 2017, inclusive (the "Class Period").  **If you wish to be eligible for a payment, you are required to submit the Claim Form that is available on the Settlement website, www._____.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator.** *See* **Question 8 below.**

10.      The Court directed that notice of the Settlement be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.      The Court in charge of the Action is the United States District Court for the Eastern District of New York, and the case is known as *Emerson, et al. v. Mutual Fund Series Trust, et al.*, No. 2:17-cv-02565-ADS-GRB.  The Action is assigned to the Honorable Arthur D. Spatt, United States District Judge.

| **2.  What is this case about and what has happened so far?** |
| --- |

12.      Lead Plaintiffs allege that the Fund was marketed to investors as a capital preservation fund, with low volatility and low market correlation.  As such, Lead Plaintiffs allege that the Fund attracted conservative investors seeking a steady investment with low correlation to the stock market. The Fund offered shares to investors pursuant to Registration Statements and Prospectuses. These Offering Materials allegedly promoted the Fund as a low-risk and conservative investment vehicle, with allegedly inaccurate statements.  Lead Plaintiffs allege the Fund routinely made complex trades that amounted to massive shorts of the Standard

- 6 -

& Poor's 500 Index ("S&P 500") that exposed the Fund to potentially unlimited losses of capital if the market were to rapidly move up.  Because the Fund faced the potential risk of unlimited loss of capital in a rapidly rising market, the Fund was not the conservative investment portrayed to investors.  Rather, Lead Plaintiffs allege it was highly speculative and not suitable for all investors, including investors seeking capital preservation, low volatility, and low exposure to the movement of the U.S. equity markets.

13.     As a result, in February 2017, Lead Plaintiffs allege the Fund had a "melt down" when the S&P 500 experienced a steady and rapid increase in value.  Between February 2 and February 15, 2017, the net asset value ("NAV") for the Fund's shares fell approximately 15%.

14.     On April 28, 2017, a securities class action complaint was filed in the United States District Court for the Eastern District of New York on behalf of investors in the Fund, titled *Emerson, et al. v. Mutual Fund Series Trust, et al*., No. 2:17-cv-02565-ADS-GRB and was assigned to the Honorable Leonard D. Wexler.  On January 2, 2018, Judge Wexler recused himself from the case and the matter was reassigned to the Honorable Arthur D. Spatt.

15.     On January 8, 2018, the Court issued an Order appointing Eugene Almendinger, Jeffrey Berkowitz, Debra Folk, Earle Folk, Maryann Loveledge, Tom Loveledge, and William H. Tod as co-lead plaintiffs and approving their selection of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow as co-lead counsel.[3]

16.     Lead Plaintiffs, through Co-Lead Counsel, have conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) documents filed by the Trust and the Fund with the U.S. Securities and Exchange Commission ("SEC"); (ii)

---

[3] Mr. Tod has passed away and is therefore no longer a lead plaintiff.

publicly available news articles and reports about the Trust, Catalyst, and the Fund; (iii) press releases, investor communications, and other public statements regarding the Fund; and (iv) the applicable law governing the claims and potential defenses.  Co-Lead Counsel also consulted with a financial industry expert on issues concerning mutual funds and the derivative trading strategies at issue and interviewed the Fund's portfolio manager.

17.    Following Lead Plaintiffs' initial investigation, on March 30, 2018, Lead Plaintiffs filed an Amended Complaint for Violations of the Securities Act of 1933 (the "Complaint") alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), on behalf of a class of all persons and entities that purchased or otherwise acquired shares of the Fund in continuous offerings pursuant to registration statements and prospectuses for the Fund filed on November 1, 2014, November 3, 2016, April 6, 2017, and April 13, 2017, and were damaged thereby.

18.    On June 5, 2018, Defendants filed a Joint Motion to Dismiss the Complaint, raising several grounds for dismissal, including, among others, that the offering materials for the Fund fully disclosed the risks of investing in the Fund, that the allegations of misstatements and omissions were insufficient, that the claims asserted in the Complaint were not timely, that Lead Plaintiffs failed to allege that the Individual Defendants and Catalyst were statutory sellers, that the Complaint failed to plead loss causation, and that Lead Plaintiffs did not adequately allege control.  Lead Plaintiffs opposed the motion on August 6, 2018 and Defendants filed a reply brief in support of their motion to dismiss on September 20, 2018.

19.    On March 5, 2019, Lead Plaintiffs moved, pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(i), to voluntarily dismiss Defendant Edward Walczak from the Complaint.  The motion was granted on March 7, 2019 and Walczak's name was removed from the caption.

4819-0616-2613.v2

20.    On June 25, 2019, the Court granted Defendants' motion to dismiss the Complaint in its entirety and dismissed Lead Plaintiffs' claims with prejudice.  A judgment was entered the following day, on June 26, 2019 (the "Dismissal Judgment").  In dismissing the Action, the Court held, among other things, that the alleged misstatements and omissions are either categorically non-actionable or are rendered non-actionable by the various risk disclosures repeated throughout the offering documents; and that the Complaint does not adequately allege that (a) the Individual Defendants or Catalyst are statutory sellers or (b) Catalyst controlled the Fund.

21.    On July 18, 2019, Lead Plaintiffs moved, pursuant to Rule 59(e), to alter or amend the Dismissal Judgment, entered on June 26, 2019, and for leave, pursuant to Rule 15(a)(2), to file a proposed second amended complaint.  Defendants filed a joint memorandum of law in opposition to Lead Plaintiffs' motion and Lead Plaintiffs filed a reply brief in support of their motion on August 22, 2019.

22.    In September 2019, Lead Plaintiffs and Defendants, through their counsel, conferred on the possibility of reaching a negotiated resolution of the Action and agreed to retain Michelle Yoshida (the "Mediator"), to help facilitate settlement discussions.  Following continued, extensive arm's-length negotiations, on November 26, 2019, pursuant to the Mediator's recommendation, the Parties agreed, in principle, to settle all claims in the Action for $3,325,000, subject to the execution of a customary stipulation and agreement of settlement and related papers.  The Stipulation (together with its exhibits) constitutes the final and binding agreement between the Parties.

| **3.  Why is this a class action?** |
| --- |

23.    In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and

entities are a "class," and each is a "class member."  Class actions allow the adjudication of many individuals' similar claims that might be too small to bring economically as individual actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| **4.  What are the reasons for the Settlement?** |
|---|

24.     Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action are strong.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through an appeal of the Court's Dismissal Judgment, class certification, summary judgment, trial and post-trial appeals, as well as the difficulties inherent in establishing liability as to Defendants.  For example, Defendants have raised arguments and defenses (which they would likely continue to raise in further motions to dismiss, motions for summary judgment, and at trial) countering Lead Plaintiffs' allegations, such as that there were no misrepresentations and that Defendants acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws.  In the absence of a settlement, assuming the claims proceed after the Dismissal Judgment, the Parties would present factual and expert testimony on each of the issues in dispute, and there is a risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiffs and the Settlement Class. Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

25.     Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiffs in the Action, including all claims in the Complaint.  Nonetheless, Defendants have concluded that continuation of the Action as against them would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

4819-0616-2613.v2

## WHO IS IN THE SETTLEMENT

| 5.  How do I know if I am part of the Settlement Class? |
|---|

26.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):

*all persons and entities that purchased or otherwise acquired Class A, Class C, and/or Class I shares of the Catalyst Hedged Futures Strategy Fund during the period from November 1, 2014 through June 30, 2017, inclusive, and were allegedly damaged thereby.*

27.     Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.

| 6.  Are there exceptions to being included? |
|---|

28.     Yes.   There are some individuals and entities that are excluded from the Settlement Class by definition.   Excluded from the Settlement Class are: (i) Defendants and their affiliates; (ii) the officers, directors, and/or trustees of the Trust, Catalyst, NLD, or the Fund during the Class Period; (iii) members of the immediate families of any such excluded person; (iv) any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any excluded person or entity.   Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below.

## THE SETTLEMENT BENEFITS

| 7.  What does the Settlement provide? |
| --- |

29.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 10 below), Defendants have agreed to pay, or cause to be paid, $3,325,000, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who send in valid and timely Claim Forms.

| 8.  How can I receive a payment? |
| --- |

30.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form can be downloaded from the website for the Settlement: www.___.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.

31.     Please read the instructions in the Claim Form carefully.  Fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator using the address listed in the Claim Form or submit it online at www.___.com.  Claim Forms must be *postmarked (if mailed) or submitted online no later than _____, 2020*.

| 9.  When will I receive my payment? |
| --- |

32.     The Court will hold a Settlement Hearing on **_____, 2020** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  If

you have an eligible claim, you will receive a payment after the Settlement reaches its Effective Date and Claim Forms have been processed and evaluated.  Please be patient.

**10.  What am I giving up to receive a payment and by staying in the Settlement Class?**

33.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)    **"Released Claims"** means any and all complaints, claims, third-party claims, cross-claims, counterclaims, demands, allegations, liabilities, obligations, promises, agreements, controversies, actions, causes of action, suits, rights, damages, costs, losses, debts, charges, and expenses (including Unknown Claims (as defined below) and attorneys' fees, expert fees, and disbursements of counsel and other professionals) of any and every nature whatsoever, whether in law or in equity, whether arising under federal, state, local, or statutory or common law or any other law, rule, or regulation (whether foreign or domestic), whether currently known or unknown, fixed or contingent, suspected or unsuspected, foreseen or unforeseen, ripened or unripened, accrued or unaccrued, liquidated or unliquidated, or matured or not matured, whether arising in equity or under the law of contract, tort, malpractice, statutory breach, or any other legal right or duty, whether direct, class, individual, or representative, and to the fullest extent that the law permits their release in this lawsuit, that Lead Plaintiffs, or any other member of the Settlement Class: (a) asserted in the Action, or (b) could have asserted against any of the Released Defendant Parties in the Action or in any forum that arise out of, relate to, are connected with, or in any way concern both (i) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in the Action, or relating to actions or inactions with respect to the Fund, and (ii) the purchase or

- 13 -

acquisition of shares of the Fund during the Class Period. Released Claims does not include: (a) claims in any governmental or regulatory agency proceeding or action, including the right of any Settlement Class Member to recover therein; (b) claims asserted in: *Kalvin Chum v. Jerry Szilagyi, et al.*, No. 17 CV 006933 (Franklin Cty. Ct. of Common Pleas, OH), or (c) claims to enforce the Settlement.

(b)      **"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, heirs, legatees, devisees, executors, administrators, estates, heirs, spouses, immediate family members, receivers and trustees, settlors, beneficiaries, officers, directors, members, shareholders, employees, independent contractors, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest of Defendants.

(c)      "**Unknown Claims**" means any and all Released Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or

- 14 -

territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

34.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.  If you remain a member of the Settlement Class, all of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

4819-0616-2613.v2

35.     Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiffs, the Settlement Class, and the Released Plaintiff Parties arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

36.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself, there is a risk that any lawsuit you may file to pursue claims against Defendants may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Defendants may also terminate the Settlement if more than a certain number of Settlement Class Members request exclusion.

| **11.  How do I exclude myself from the Settlement Class?** |
| --- |

37.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Emerson, et al. v. Mutual Fund Series Trust, et al.*, No. 2:17-cv-02565 (E.D.N.Y)." You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of the Fund the person or entity purchased and sold during the Class Period, as well as the dates and prices of each such purchase and sale; and (iii) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion must be mailed to the following so that it is *received no later than _____, 2020*:

*Emerson v. Mutual Fund Series Trust*
Claims Administrator
c/o _____
_____
_____

38.     This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.  **If you do not provide your transactional information, you will not be excluded from the Settlement Class.**  If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by the Settlement, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| **12.  If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?** |
| --- |

39.     No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from the Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2020.**

| **13.  If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

40.     No, only Settlement Class Members are eligible to recover money from the Settlement.

## THE LAWYERS REPRESENTING YOU

| 14.  Do I have a lawyer in this case? |
|---|

41.    Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP are Co-Lead Counsel in the Action and represent all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of Co-Lead Counsel's attorneys' fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15.  How will the lawyers be paid? |
|---|

42.    Co-Lead Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Co-Lead Counsel will apply to the Court for an award of attorneys' fees, on behalf of themselves and all other Plaintiffs' Counsel, of no more than 25% of the Settlement Fund, which will include any accrued interest. Co-Lead Counsel were assisted in this case by The Schall Law Firm, Goldberg Law PC, and Johnson Fistel, LLP (collectively with Co-Lead Counsel, "Plaintiffs' Counsel"), which provided additional legal assistance to the Lead Plaintiffs.  Co-Lead Counsel have agreed to share the awarded attorneys' fees with Schall Law, Goldberg Law, and Johnson.  The payments to these additional firms will in no way increase the fees that are deducted from the Settlement Fund, and no other attorneys will share the awarded attorneys' fees. Co-Lead Counsel will also seek payment of litigation expenses incurred in the prosecution of the Action of no more than $170,000, plus accrued interest, which may include an application for awards to the Lead Plaintiffs in accordance with the PSLRA in connection with their representation of the Settlement Class.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally responsible for any such fees or expenses.

- 18 -

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND/OR THE FEE AND EXPENSE APPLICATION**

| 16.  How do I tell the Court that I do not like something about the proposed Settlement? |
| --- |

43.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the Fee and Expense Application, and/or the proposed Plan of Allocation of the Net Settlement Fund.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

44.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation in "*Emerson, et al. v. Mutual Fund Series Trust, et al.*, No. 2:17-cv-02565 (E.D.N.Y)."  Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also: (i) state the name, address, and telephone number of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for each objection, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include information sufficient to prove the objector's membership in the Settlement Class, including the number of shares of the Fund purchased and sold during the Class Period, as well as the dates and prices of each such purchase and sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement and/or the Plan of Allocation.  Your objection must be filed with the Court ***no later than***

_____, *2020* **and** be mailed or delivered to the following counsel so that it is

*received no later than* _____, *2020*:

| <u>Court</u> | <u>Co-Lead Counsel</u> | Defendants' Counsel <br> <u>Representative</u> |
|---|---|---|
| **Clerk of the Court** <br> United States District Court <br> Eastern District of New York <br> 100 Federal Plaza <br> Central Islip, New York 11722 | **Labaton Sucharow LLP** <br> James W. Johnson, Esq. <br> 140 Broadway <br> New York, NY 10005 | **Lazare Potter Giacovas &** <br> **Moyle LLP** <br> James F. Moyle, Esq. <br> 747 Third Avenue <br> Floor 16 <br> New York, NY 10017 |
| | **Robbins Geller Rudman &** <br> **Dowd LLP** <br> Evan Kaufman, Esq. <br> 58 South Service Road <br> Suite 200 <br> Melville, NY 11747 | |

45.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 16 and below in Question 20 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

---

**17.  What is the difference between objecting and seeking exclusion?**

---

46.     Objecting is telling the Court that you do not like something about the proposed Settlement, the Fee and Expense Application, or the Plan of Allocation.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement no longer affects you.

- 20 -

## THE SETTLEMENT HEARING

---

**18.  When and where will the Court decide whether to approve the proposed Settlement?**

---

47.     The Court will hold the Settlement Hearing on _____, 2020 at _____ _.m., in Courtroom 1020 of the United States District Court of the Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York 11722.

48.     At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Lead Counsel for an award of attorneys' fees and payment of litigation expenses, including awards to the Lead Plaintiffs, is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 16 above.  We do not know how long it will take the Court to make these decisions.

49.     You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Co-Lead Counsel or visit the Settlement website www.____.com beforehand to be sure that the hearing date and/or time has not changed.

---

**19.  Do I have to come to the Settlement Hearing?**

---

50.     No.  Co-Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 20 below *no later than* _____, *2020*.

- 21 -

| 20.  May I speak at the Settlement Hearing? |
|---|

51.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **_no later than _____ __, 2020,_** submit a statement that you, or your attorney, intend to appear in "*Emerson, et al. v. Mutual Fund Series Trust, et al.*, No. 2:17-cv-02565 (E.D.N.Y.)."   Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 16 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.   You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 20 and Question 16 above.

## IF YOU DO NOTHING

| 21.  What happens if I do nothing at all? |
|---|

52.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

| 22.  Are there more details about the Settlement? |
|---|

53.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the

case during business hours at the Office of the Clerk of the United States District Court, Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722.   Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

54.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the Settlement website, www.___.com.  You may also call the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *Emerson v. Mutual Fund Series Trust,* Claims Administrator, c/o _____, _____.  **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| **23.  How will my claim be calculated?** |
| --- |

55.     The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan will be posted on the Settlement website at: www.___.com.

56.     The Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of Allocation approved by the Court.

4819-0616-2613.v2

57.    The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who purchased or acquired one of more Class A (HFXAX), Class C (HFXCX), and/or Class I (HFXIX) shares of the Catalyst Hedged Futures Strategy Fund (collectively, the "Catalyst Securities") pursuant or traceable to the Catalyst Funds November 1, 2014 prospectus, and suffered economic losses allegedly as a result of the claimed violations of the Securities Act.  No other securities other than the Catalyst Securities are eligible to compensation under the Settlement.  In this case, Lead Plaintiffs allege that the Fund's Registration Statements and Prospectuses contained false statements and omitted material facts that damaged members of the Settlement Class.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiffs and Co-Lead Counsel believe were recoverable in the Action pursuant to the Securities Act.

58.    The Plan of Allocation, however, is not a formal damages analysis, and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.  An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the claimant purchased or acquired shares of the Fund; and (iii) whether and when the claimant sold his, her, or its shares of the Fund.

59.    Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants.  Rather, these formulas provide the basis on which the Net Settlement

- 24 -

Fund will be distributed among Authorized Claimants on a *pro rata* basis.  An Authorized Claimant's "Recognized Claim" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.   The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

60.     Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Lead Plaintiffs, Co-Lead Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

61.     For purposes of determining whether a claimant has a Recognized Claim, purchases and sales of Class A, Class C, and/or Class I shares of the Catalyst Hedged Futures Strategy Fund will first be matched on a First In/First Out ("FIFO") basis of like securities.[4]  If a Settlement Class Member has more than one purchase or sale of the Fund during the Class Period, all purchases and sales shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings of like securities at the beginning of the Class Period and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.  For purposes of this Plan, "sales price" refers to the proceeds received, if any, upon the redemption of each share.

---

[4] Purchases and sales of Class A shares shall be matched only with purchases and sales of Class A shares. Purchases and sales of Class C shares shall be matched only with purchases and sales of Class C shares. Purchases and sales of Class I shares shall be matched only with purchases and sales of Class I shares.

4819-0616-2613.v2

62.     The Claims Administrator will calculate a "Recognized Loss Amount," as set forth below, for each purchase of Class A, Class C, and/or Class I shares of the Fund during the Class Period from November 1, 2014 through June 30, 2017 that is listed in the Claim Form and for which adequate documentation is provided.   To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.   The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

63.     The allocations below are based on the Net Asset Value of Class A shares of $8.61 per share, Class C shares of $8.35 per share, and Class I shares of $8.70 per share, at the end of the Class Period: June 30, 2017.

**Calculation of Recognized Loss Amounts for Class A Shares Section 11 Claims**

64.     For each Catalyst Hedged Futures Strategy Fund Class A share purchased or traceable to Catalyst Fund's prospectuses dated from November 1, 2014 through June 30, 2017, and:

(a)     Sold on or prior to January 31, 2017, the Recognized Loss Amount is zero.

(b)     Retained at the end of January 31, 2017, and sold on or before June 30, 2017, the Recognized Loss Amount is equal to the Net Asset Value per share at purchase less the Net Asset Value per share at sale.

(c)     Retained at the end of June 30, 2017, the Recognized Loss Amount is equal to the Net Asset Value per share at purchase less $8.61 (the Net Asset Value per share on June 30, 2017).

**Calculation of Recognized Loss Amounts for Class C Shares Section 11 Claims**

- 26 -

65.    For each Catalyst Hedged Futures Strategy Fund Class C share purchased or traceable to Catalyst Fund's prospectuses dated from November 1, 2014 through June 30, 2017, and:

(a)    Sold on or prior to January 31, 2017, the Recognized Loss Amount is zero.

(b)    Retained at the end of January 31, 2017, and sold on or before June 30, 2017, the Recognized Loss Amount is equal to the Net Asset Value per share at purchase less the Net Asset Value per share at sale.

(c)    Retained at the end of June 30, 2017, the Recognized Loss Amount is equal to the Net Asset Value per share at purchase less $8.35 (the Net Asset Value per share on June 30, 2017).

**Calculation of Recognized Loss Amounts for Class I Shares Section 11 Claims**

66.    For each Catalyst Hedged Futures Strategy Fund Class C share purchased or traceable to Catalyst Fund's prospectuses dated from November 1, 2014 through June 30, 2017, and:

(a)    Sold on or prior to January 31, 2017, the Recognized Loss Amount is zero.

(b)    Retained at the end of January 31, 2017, and sold on or before June 30, 2017, the Recognized Loss Amount is equal to the Net Asset Value per share at purchase less the Net Asset Value per share at sale.

(c)    Retained at the end of June 30, 2017, the Recognized Loss Amount is equal to the Net Asset Value per share at purchase less $8.70 (the Net Asset Value per share on June 30, 2017).

**ADDITIONAL PROVISIONS**

67.    Purchases and sales of shares of the Catalyst Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

The receipt or grant by gift, inheritance or operation of law of shares during the Class Period shall not be deemed a purchase of such shares for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of such shares unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

68.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

69.    Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.  Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determination of your claim, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request to the Claims Administrator.

70.    Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if

- 28 -

feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their initial checks in an equitable and economic fashion.  These redistributions will be repeated until the balance remaining in the Net Settlement Fund is no longer feasible or economical to reallocate.  After payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, the remaining balance shall be contributed to the Council of Institutional Investors, or such other non-sectarian, not-for-profit organization(s) approved by the Court.

71.     Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, the Claims Administrator, or other agent designated by Co-Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

72.     Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of New York with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

73.     If you purchased Class A (HFXAX), Class C (HFXCX), and/or Class I (HFXIX) shares of the Catalyst Hedged Futures Strategy Fund during the Class Period for the beneficial

- 29 -

interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased shares of the Fund during the Class Period; or (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Postcard Notice directly to all the beneficial owners of those securities.  You must also provide email addresses of such beneficial owners to the Claims Administrator, to the extent available. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses (not to exceed $0.10 per name and mailing address or $0.20, plus postage at the then current pre-sort rate used by the Claims Administrator, per Postcard Notice) actually incurred in connection with the foregoing, assuming the expenses would not have been incurred except for the sending of such Notice.  Expenses will be paid upon submission of appropriate supporting documentation and timely and full compliance with the above directives.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Emerson v. Mutual Fund Series Trust*
Claims Administrator
c/o _____
_____
_____
www._____.com
(___ ) _____ - _____

EXHIBIT A-1

Dated: _____, 2020                    BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT
                                          EASTERN DISTRICT OF NEW YORK

4819-0616-2613.v2

# Exhibit A-2

EXHIBIT A-2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

ROGER EMERSON, MARY EMERSON,     :
ROBERT CAPLIN and MARTHA J.     :   Civil Action No. 17-cv-02565-ADS-GRB
GOODLETT, Individually and on Behalf of   :
All Others Similarly Situated,     :
           Plaintiffs,     :
             :
    vs.     :
MUTUAL FUND SERIES TRUST,     :
CATALYST CAPITAL ADVISORS LLC,    :
NORTHERN LIGHTS DISTRIBUTORS LLC,  :
JERRY SZILAGYI, TOBIAS CALDWELL,   :
TIBERIU WEISZ, BERT PARISER, and    :
ERIK NAVILOFF,     :
         Defendants.     :
             :

———————————————————— x

## <u>PROOF OF CLAIM AND RELEASE</u>

### A.  GENERAL INSTRUCTIONS

       1.     To recover as a member of the Settlement Class based on your claims against Mutual Fund Series Trust, Catalyst Capital Advisors, LLC, Northern Lights Distributors LLC, Jerry Szilagyi, Tobias Caldwell, Tiberiu Weisz, Bert Pariser, and Erik Naviloff (collectively, "Defendants"), in the settlement of the above-captioned class action (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

       2.     Submission of this Claim Form, however, does not guarantee that you will share in the proceeds of the settlement of the Action.

       3.     **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.____ NO LATER THAN _____, 2020 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2020, ADDRESSED AS FOLLOWS**:

*Emerson v. Mutual Fund Series Trust*
Claims Administrator
c/o _____
_____
_____
www._____.com

4.      If you are a member of the Settlement Class and you do not timely request exclusion, you will be bound by the terms of the Settlement, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

5.      Payments will not be made until the Settlement is approved by the Court and the Settlement has become final.

## B.  CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired Class A (HFXAX), Class C (HFXCX), and/or Class I (HFXIX) shares of the Catalyst Hedged Futures Strategy Fund (the "Fund") during the period from November 1, 2014 through June 30, 2017, inclusive (the "Class Period") and held the shares in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased or otherwise acquired shares of the Fund during the Class Period through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Information" to identify each beneficial purchaser or acquirer of shares of the Fund that form the basis of this claim, as well as the purchaser or acquirer of record if different.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay    verification    of    your    claim    or    result    in    rejection    of    the    claim.

4.      Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determination of your claim, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request to the Claims Administrator.

## C.  IDENTIFICATION OF TRANSACTIONS

1.      Use Part II of this form entitled "Schedule of Transactions in the Fund" to supply all required details of your transaction(s) in Class A, Class C, and/or Class I shares of the Fund. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information, regardless of whether such purchases or sales resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  "Sales price" refers to the proceeds received, if any, upon the redemption of each share.

3.      Copies of broker confirmations or other documentation of your transactions in the Fund should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  The Claims Administrator does not have information about your transactions in the Fund.

4.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (___) ___-____ or _____to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

EXHIBIT A-2

## **PART I – CLAIMANT INFORMATION**

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                              MI   Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                         MI   Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                                    State   ZIP/Postal Code

Foreign Country (only if not USA)

Social Security Number            Taxpayer Identification Number
OR

Telephone Number (home)                                              Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

Claimant Account Type (check appropriate box):
- Individual (includes joint owner accounts)          Pension Plan                    Trust
- Corporation                                         Estate
- IRA/401K                                            Other _____ (please specify)

4840-7284-8821.v2

EXHIBIT A-2

## PART II – SCHEDULE OF TRANSACTIONS IN THE FUND - CLASS A: (HFXAX)

| | | Confirm Proof of Position  Enclosed |
|---|---|---|
| **1.  HOLDINGS AS OF OPENING OF TRADING ON NOVEMBER 1, 2014** – State the total number of **Class A** shares of the Fund held as of the opening of trading on November 1, 2014.  (Must be documented.)  If none, write "zero" or "0." _____ | | o |

**2.  PURCHASES/ACQUISITIONS FROM NOVEMBER 1, 2014 THROUGH JUNE 30, 2017.**   Separately list each and every purchase/acquisition of **Class A** shares of the Fund from after the opening of trading on November 1, 2014 through and including the close of trading on June 30, 2017.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | o |
| /    / | | $ | $ | o |
| /    / | | $ | $ | o |
| /    / | | $ | $ | o |

**3.  SALES FROM NOVEMBER 1, 2014 THROUGH JUNE 30, 2017** – Separately list each and every sale of **Class A** shares the Fund from after the opening of trading on November 1, 2014 through and including the end of the day on June 30, 2017. (Must be documented.)

**IF NONE, CHECK HERE** o

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price Per Share | Proceeds Per Share Received (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | o |
| /    / | | $ | $ | o |
| /    / | | $ | $ | o |
| /    / | | $ | $ | o |

| | Confirm Proof of Position Enclosed |
|---|---|
| **5.  HOLDINGS AS OF JULY 1, 2017 –** State the total number of **Class A** shares of the Fund held as of the opening of trading on July 1, 2017. (Must be documented.)  If none, write | |

EXHIBIT A-2

| "zero" or "0."  _____ | ○ |
|---|---|

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐

## PART II – SCHEDULE OF TRANSACTIONS IN THE FUND - CLASS C: (HFXCX)

| **1. HOLDINGS AS OF OPENING OF TRADING ON NOVEMBER 1, 2014** – State the total number of **Class C** shares of the Fund held as of the opening of trading on November 1, 2014. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM NOVEMBER 1, 2014 THROUGH JUNE 30, 2017.** Separately list each and every purchase/acquisition of **Class C** shares of the Fund from after the opening of trading on November 1, 2014 through and including the close of trading on June 30, 2017. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. SALES FROM NOVEMBER 1, 2014 THROUGH JUNE 30, 2017** – Separately list each and every sale of **Class C** shares the Fund from after the opening of trading on November 1, 2014 through and including the end of the day on June 30, 2017. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price Per Share | Proceeds Per Share Received (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

- 6 -

EXHIBIT A-2

| / / | | $ | $ | ○ |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| **4. HOLDINGS AS OF JULY 1, 2017 –** State the total number of **Class C** shares of the Fund held as of the opening of trading on July 1, 2017. (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐ |
|---|

## PART II – SCHEDULE OF TRANSACTIONS IN THE FUND - CLASS I: (HFXIX)

| **1. HOLDINGS AS OF OPENING OF TRADING ON NOVEMBER 1, 2014 –** State the total number of **Class I** shares of the Fund held as of the opening of trading on November 1, 2014.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position  Enclosed ○ |
|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS FROM NOVEMBER 1, 2014 THROUGH JUNE 30, 2017.**  Separately list each and every purchase/acquisition of **Class I** shares of the Fund from after the opening of trading on November 1, 2014 through and including the close of trading on June 30, 2017.  (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| **4. SALES FROM NOVEMBER 1, 2014 THROUGH JUNE 30, 2017 –** Separately list each and every sale of **Class I** shares the Fund from after the opening of trading on November 1, 2014 through and including the end of the day on June 30, 2017. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) | Number of Shares Sold | Price Per Share | Proceeds Per Share Received (excluding taxes, | Confirm Proof of Sale Enclosed |

- 7 -

EXHIBIT A-2

| (Month/Day/Year) | | | commissions, and fees) | |
|---|---|---|---|---|
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |

| **5.  HOLDINGS AS OF JULY 1, 2017 –** State the total number of **Class I** shares of the Fund held as of the opening of trading on July 1, 2017. (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐ |
|---|

- 8 -

## PART III – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

### YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

1.      I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated _____ (the "Stipulation") described in the Notice and available at www. ____.com.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other securities) if requested to do so.  I (We) have not submitted any other claim in the Action covering the same purchases or sales of shares of the Fund during the Class Period and know of no other person having done so on my (our) behalf.

2.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendant Parties, both as defined in the Stipulation.  This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in the Fund that are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

5.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                              (Month / Year)           (City)        (State/Country)

_____        _____
Signature of Claimant                                        Signature of Joint Claimant, if any

EXHIBIT A-2

_____     _____
Print Name of Claimant                                Print Name of Joint Claimant, if any

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)


### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. PAYMENTS WILL NOT BE MADE UNTIL THE ACTION IS RESOLVED. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

   *Emerson v. Mutual Fund Series Trust*
       Claims Administrator
       c/o _____
          _____
       _____
         www._____
         (____) ___-____

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.


- 10 -

# Exhibit A-3

EXHIBIT A-3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————— x

ROGER EMERSON, MARY EMERSON, : 
ROBERT CAPLIN and MARTHA J. :
GOODLETT, Individually and on Behalf of :    Civil Action No. 17-cv-02565-ADS-GRB
All Others Similarly Situated, :
:
:
              Plaintiffs, :
:
:
      vs. :
:
:
MUTUAL FUND SERIES TRUST, :
CATALYST CAPITAL ADVISORS LLC, :
NORTHERN LIGHTS DISTRIBUTORS LLC, :
JERRY SZILAGYI, TOBIAS CALDWELL, :
TIBERIU WEISZ, BERT PARISER, and :
ERIK NAVILOFF, :
:
              Defendants. :
:
——————————————————— x

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To:    All persons and entities that purchased or otherwise acquired Class A, Class C, and/or Class I shares of the Catalyst Hedged Futures Strategy Fund (the "Fund") during the period from November 1, 2014 through June 30, 2017, inclusive, and were allegedly damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Eastern District of New York,

that Court-appointed Lead Plaintiffs, on behalf of themselves and all members of the proposed

Settlement Class, and Mutual Fund Series Trust (the "Trust"), Catalyst Capital Advisors, LLC

("Catalyst"), Northern Lights Distributors LLC ("NLD"), Jerry Szilagyi ("Szilagyi"), Tobias

Caldwell ("Caldwell"), Tiberiu Weisz ("Weisz"), Bert Pariser ("Pariser"), and Erik Naviloff

("Naviloff") (collectively, "Defendants"), have reached a proposed settlement of the above-captioned action (the "Action") in the amount of $3,325,000 (the "Settlement").

A hearing will be held before the Honorable Arthur D. Spatt of the United States District Court for the Eastern District of New York, in Courtroom 1020 of the Long Island Courthouse, 100 Federal Plaza, Central Islip, New York 11722 at __:___ ___.m. on _____ __, 2020 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated _____, 2020; (iii) approve the proposed Plan of Allocation for distribution of the Net Settlement Fund; and (iv) approve Co-Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Postcard Notice in the mail, you may obtain copies of the Postcard Notice, the long-form Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim and Release form ("Claim Form") by visiting the website dedicated to the Settlement, www._____.com, or by contacting the Claims Administrator at:

*Emerson v. Mutual Fund Series Trust*
Claims Administrator
c/o _____
_____

- 2 -

EXHIBIT A-3

_____
www._____.com
(___ ) _____ - _____

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Co-Lead Counsel:

James W. Johnson, Esq.
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
(888) 219-6877

Evan Kaufman, Esq.
**ROBBINS GELLER RUDMAN**
 **& DOWD LLP**
58 South Service Road
Suite 200
Melville, NY 11747
(800) 449-4900

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2020*.  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice and at www._____.com such that it is *received no later than _____ __, 2020.*  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

- 3 -

EXHIBIT A-3

Any objections to the proposed Settlement, the Fee and Expense Application, and/or the

proposed Plan of Allocation must be filed with the Court and mailed to counsel for the Parties in

accordance with the instructions in the Notice and at www._____.com, such that they are

*filed and received no later than _____ __, 2020*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**


DATED: _____, 2020        BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          EASTERN DISTRICT OF NEW YORK

4839-9138-7829.v2

# Exhibit A-4

*THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT A LEGAL SETTLEMENT.*
*PLEASE VISIT WWW.XXXXXX.COM FOR MORE INFORMATION.*

The parties in the class action *Emerson et al. v. Mutual Fund Series Trust et al.,* No. 17-cv-02565 (E.D.N.Y.) have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Lead Plaintiffs alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933. Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may be a member of the following Settlement Class: **all persons and entities that purchased or otherwise acquired Class A, Class C, and/or Class I shares of the Catalyst Hedged Futures Strategy Fund during the period from November 1, 2014 through June 30, 2017, inclusive, and were allegedly damaged thereby.**

Pursuant to the Settlement, Defendants have agreed to pay $3,325,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement and procedures, please review the full long-form Notice available on the Settlement Website, www.XXXX.com.** Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and when you purchased or acquired shares of the Fund. If all Settlement Class Members participate in the Settlement, the estimated average recovery will be $0.009 before deduction of Court-approved fees and expenses and approximately $0.006 after. Your share of the Settlement proceeds will be determined by the plan of allocation set forth in the Notice, or such other plan that may be approved by the Court.

**To qualify for payment, you must submit a valid Claim Form. Receipt of this Postcard does not mean you are eligible for a recovery.** The Claim Form can be found on the Settlement Website, or you can request that one be mailed to you. You can also submit a claim via the Settlement Website. **Claim Forms must be postmarked (if mailed), or submitted online, by ___, 2020. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by ___, 2020.** If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by **___, 2020**. The Notice and Settlement Website provide instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice and Settlement Website.

The Court will hold a hearing on **_____, 2020 at __:__ _.m.,** to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus expenses of no more than $170,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call _____, send an email to info@_____.com or visit the Settlement Website www.____.com to review the detailed Notice.**

*Emerson v. Mutual Fund Series Trust Settlement*

Claims Administrator
P.O. Box _____
City, State  Zip Code

### *COURT-ORDERED LEGAL NOTICE*

*Emerson v. Mutual Fund Series Trust Settlement*
Civil Action No. 17-cv-02565 (E.D.N.Y.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this Notice carefully.**

**For more information, please visit www.XXXXSecuritiesLitigation.com or call XXXXXXXXXXX**