FILED
CLERK

9/9/2020 4:53 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ROGER EMERSON, MARY EMERSON, ROBERT CAPLIN and MARTHA J. GOODLETT, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 2:17-cv-02565-SJF-SIL <br><br> CLASS ACTION |
| Plaintiffs, | |
| vs. | |
| MUTUAL FUND SERIES TRUST, CATALYST CAPITAL ADVISORS LLC, NORTHERN LIGHTS DISTRIBUTORS LLC, JERRY SZILAGYI, TOBIAS CALDWELL, TIBERIU WEISZ, BERT PARISER and ERIK NAVILOFF, | |
| Defendants. | |

---

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND LEAD PLAINTIFF AWARDS

This matter having come before the Court on September 9, 2020, on the motion of Co-Lead Counsel for an award of attorneys' fees and expenses (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 5, 2020 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3. Notice of Co-Lead Counsel's Fee Motion was given to all Settlement Class Members who could be located with reasonable effort. The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §77z-1(a)(7), the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Co-Lead Counsel attorneys' fees of 25% of the Settlement Amount, plus expenses in the amount of $88,564.62, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Co-Lead Counsel immediately upon execution of the Final Order and Judgment Approving Settlement and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶14 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to Co-Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $3,325,000 in cash, and numerous Settlement Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Co-Lead Counsel;

(b) over 212,900 copies of the Postcard Notice were disseminated to potential Settlement Class Members indicating that Co-Lead Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $170,000, plus interest on both amounts;

(c) Co-Lead Counsel have pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Co-Lead Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

(e) Co-Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Co-Lead Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants;

(h) Plaintiffs' Counsel have devoted over 3,200 hours, with a lodestar value of $2,089,337.50, to achieve the Settlement;

(i) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Second Circuit.

7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Lead Plaintiff Debra Folk is awarded $1,500, Lead Plaintiff Eugene Almendinger is awarded $1,500, Lead Plaintiff Earle Folk is awarded $1,500, Lead Plaintiff Jeffrey Berkowitz is awarded $5,800, Lead Plaintiff Maryann Lovelidge is awarded $1,500, and Lead Plaintiff Tom Lovelidge is awarded $1,500, for a total of $13,300, pursuant to 15 U.S.C. §77z-1(a)(4), related to their representation of the class.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

10. The Court has received and considered the objection to the Fee Motion, and finds that it is without merit; it is therefore overruled in its entirety.

IT IS SO ORDERED.

DATED this  9th  day of  September , 2020

*Sandra J. Feuerstein*
HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE