FILED
CLERK
9/9/2020 4:54 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

| | |
|---|---|
| UNITED STATES DISTRICT COURT <br> EASTERN DISTRICT OF NEW YORK <br> ――――――――――――――――――― x <br> ROGER EMERSON, MARY EMERSON, <br> ROBERT CAPLIN and MARTHA J. <br> GOODLETT, Individually and on Behalf of <br> All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MUTUAL FUND SERIES TRUST, <br> CATALYST CAPITAL ADVISORS LLC, <br> NORTHERN LIGHTS DISTRIBUTORS LLC, <br> JERRY SZILAGYI, TOBIAS CALDWELL, <br> TIBERIU WEISZ, BERT PARISER, and <br> ERIK NAVILOFF, <br><br> Defendants. <br> ――――――――――――――――――― x | Civil Action No. 2:17-cv-02565-SJF-SIL |

## ▌ FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT

This matter came before the Court pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Class Action Settlement ("Preliminary Approval Order"), entered March 30, 2020, on the application of the Parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement, dated March 5, 2020 (the "Stipulation"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Due and adequate notice having been given to the Settlement Class (defined below) as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the pending matters and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties in the Action, including all members of the Settlement Class.

3. This Judgment shall supersede the judgment of dismissal previously entered by the Clerk of Court on June 26, 2019 (ECF No. 77).

4. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired Class A, Class C, and/or Class I shares of the Catalyst Hedged Futures Strategy Fund during the period from November 1, 2014 through June 30, 2017, inclusive (the "Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and their affiliates; (ii) the officers, directors, and/or trustees of the Trust, Catalyst, NLD, or the Fund during the Class Period; (iii) members of the immediate families of any such excluded person; (iv) any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any excluded person or entity.  Also excluded from the Settlement Class are those investors listed on the attached Exhibit A who timely and validly requested exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

5. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiffs Eugene Almendinger, Jeffrey Berkowitz, Debra Folk,

Earle Folk, Maryann Lovelidge, and Tom Lovelidge as Class Representatives for the Settlement Class; and finally appoints the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as Class Counsel for the Settlement Class.

6. The Court finds that the dissemination of the Postcard Notice, Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Co-Lead Counsel's request for payment of attorneys' fees and litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

7. The Court has received and considered the objection to the Settlement filed by Settlement Class Member Robert E. McCarthy. The objection is hereby overruled in its entirety.

8. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class;

(b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

9. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses all Released Claims of the Settlement Class, as against Defendants and the Released Defendant Parties, with prejudice.

10. Upon the Effective Date, each of the Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against each of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

11. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against each of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

12. All Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

13. The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. §1715, including subpart (d) therein, to the extent applicable to the Action, have been satisfied.

14. The Court hereby bars any and all claims, however styled, for indemnification, contribution, or where the claim arises from a Released Claim and the alleged injury to the Person bringing the claim arises from that Person's alleged liability to the Lead Plaintiffs or any Settlement Class Member: (a) by any Person against the Released Defendant Parties, and (b) by the Released Defendant Parties against any Person. This ¶14 shall discharge the Released Defendant Parties to at least the same extent as if Section 21D-4(t)(7)(A) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7)(A), applies to this case.

15. Any final verdict or judgment obtained by or on behalf of the Lead Plaintiffs, the Settlement Class or any Settlement Class Member against any Person, other than the Released Parties, relating to the Released Claims, shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or a Settlement Class Member for common damages.

16. Any order entered regarding the Plan of Allocation submitted by Co-Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the

Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their respective Released Defendant Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or their respective Released Defendant Parties may file the Stipulation and/or this Judgment in any other action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action and any dispute related to the allocation of attorneys' fees; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Stipulation. For the avoidance of doubt, the award of any attorneys' fees, costs, or expenses to Co-Lead Counsel, including any appeals therefrom, shall not affect the finality of this Judgment or delay the Effective Date of the Settlement.

19. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the funder(s), then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED this ___9th____ day of _____September_____, 2020

*Sandra J. Feuerstein*
―――――――――――――――――――
HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE

- 8 -

# EXHIBIT A

Those Persons who have validly and timely requested exclusion from the Settlement Class are:

| Exclusion No. | Name |
|---|---|
| 1 | LaDonna Kay Canfield and Daniel C. Canfield |
| 2 | Milton Bukes and Janet Bukes |
| 3 | Martha Vickers |
| 4 | Judy Kawakami |
| 5 | Alberta Gelser Morse |